### GEORGE D. CRARY & another *vs.* JOSHUA H. POLLARD.

If the defence to an action upon promissory notes is that they were given in payment for intoxicating liquors, sold to the maker out of this commonwealth for the purpose of being re-sold within this commonwealth, in violation of law, the defendant may put in evidence, in order to show this purpose, a letter written by him to the plaintiffs, inclosing one of the notes, and stating that it is in payment for whiskey; although the letter also refers to a letter received from the plaintiffs, with invoices, which letter and invoices are not produced.

n an action brought to recover the amount of promissory notes given for intoxicating liquor sold to the maker out of this commonwealth, the judge instructed the jury that the burden of proof rested upon the defendant to show that the notes were given on account of sales of intoxicating liquors; that the liquors were sold for the purpose of being brought into this state by the buyer, and of being kept or sold by him in violation of our laws, or with a view to such illegal keeping or re-sale; that at the sale the plaintiffs knew or had reasonable cause to believe that the buyer intended to have the liquors brought here to be sold unlawfully, and if they had such knowledge or reasonable cause of belief, and sold with a view to such re-sale, they could be said to have sold the liquors for the purpose of having them brought here and sold unlawfully; that the jury, in order to find the sale illegal, must be satisfied that the buyer did intend to sell unlawfully, and also, there being no presumption that the plaintiffs knew the laws of this commonwealth, that they knew or had reasonable cause to believe that such sale as the buyer was intending to make was prohibited by the laws of Massachusetts. *Held,* after a verdict for the defendant, that he plaintiffs had no ground of exception.

n such action, evidence that the plaintiffs declined to fill the defendant's order for liquors until they made some further inquiries," and that they filled his order after making inquiries as to his pecuniary standing, and that afterwards one of the plaintiffs said to an agent of the maker he knew the notes were not collectible, but probably the maker would not set up the liquor defence; and that at another interview he said he should sue and take his chances about the liquor law, whereupon he was asked if he did not inquire before taking the notes, to which he replied that he did; is sufficient to authorize a jury to find that the plaintiffs knew or had reasonable cause to believe that the defendant entertained the purpose of bringing the liquors into this commonwealth to be kept here or sold in violation of law.

CONTRACT, upon two promissory notes given by the defendant's testator to the plaintiffs. The defence was that the consideration of each note was intoxicating liquors sold in New York by the plaintiffs to the defendant's testator, to be brought here and sold in violation of law.

At the trial in the superior court, before *Ames, J.,* it appeared, on proof offered by the defendant, that the plaintiffs were citizens and residents doing business in the city of New York, as rectifiers and dealers in spirituous liquors; that J. H. Pollard, the

maker of said notes, was in the same business, and doing business and residing in Boston; that one Wellman, a merchandise broker, residing and doing business in New York, was in Boston in the year 1862, and said J. H. Pollard gave him an order for certain barrels of whiskey; that he took it to New York and reported it to the plaintiffs, for whom he took it; that they declined to fill it until they made some further inquiries, when they concluded to do so, and accepted by letter, and forwarded the liquors by vessel to him in Boston; that Wellman was not authorized to sell in Boston, and did not do so, but simply reported the order for the plaintiffs to accept and fill if they saw fit to do so; that the goods were to be delivered, if sold, in New York at the plaintiffs' place of business, and the purchaser was to pay and did pay the cartage from the store and the freight on the goods; that subsequently said J. H. Pollard sent a written order for other whiskey by letter, and the plaintiffs, after making inquiries, accepted and filled the order in New York, their acceptance being by letter written in New York and sent by mail; that these goods were sent, and said Pollard gave his notes therefor, including the costs of carting in New York. The defendant was put to the proof that the notes were given for these liquors. The defendant offered, in evidence, a letter of J. H. Pollard to the plaintiffs, dated August 8th, 1862. The plaintiffs objected, because it appeared to be written in answer to a letter of the plaintiffs, and related to other papers therein named, and the defendant did not produce, or show, or offer to show, the loss of the letters or papers to which it referred, nor any reply to the same. The judge admitted it as competent evidence of notice by said Pollard to the plaintiffs, that a note contained in the letter, and of the same tenor, date and amount as are described in the plaintiffs' declaration, was sent to him, for whiskey, &c., furnished by the plaintiffs to said Pollard. This letter was lost after the trial, but the parties agreed that the following is a copy thereof: " Boston, Aug. 4, 1862. Messrs. G. D. Crary & Co. Gentlemen: Your favor is at hand, with invoice for barrels of whiskey. Inclosed you will find in payment therefor a note on        mos., dated        $        which I hope you

will find correct; and hoping the goods to give good satisfac⹀ tion, I am yours respectfully, J. H. Pollard."

Wellman testified that he did not know what the law of Massachusetts in regard to the sale of liquor was, or that it was illegal to sell here, or that J. H. Pollard was engaged in any unlawful business, or what he intended to do with the liquors in question; that the plaintiffs did not know of it, so far as he was aware, and he reported nothing of the kind to them; that they did not know said J. H. Pollard, and had had no dealings with him before. It did not appear that they had ever sold liquors to people in Massachusetts before. It did appear that the plaintiffs, before they consented to sell said J. H. Pollard, wrote and made some inquiries of persons in Boston about him, but it did not appear that they related to anything more than as to his pecuniary standing, nor in fact what any of the information obtained was. The only other evidence tending to show any knowledge on the part of the plaintiffs as to the laws of Massachusetts, or for what purpose said J. H. Pollard bought or intended to devote the liquor, was that of the defendant Pollard, the executor. He testified as follows on this point, viz.:

" That he called on the plaintiff in New York, some time in 1863, and requested him to sign a written paper, purporting to be a composition of said Pollard with his creditors, which had been presented to and signed by other creditors; that the plaintiff refused to become a party to it; that the defendant then said, ' The notes that you hold against my father are not collectible;' that the plaintiff answered, ' I know that, but probably your father will not set up the liquor defence;" that at a subsequent interview the plaintiff seemed to be vexed and angry and said he should sue, and take his chances about the liquor law; that he asked the plaintiff, ' Did n't you inquire before you took the notes?' and the answer was, ' Yes, I did, of Estabrook.' Last fall he said he understood Pollard (the deceased) had done a good ale and liquor business — meant to summon me in. I said I should set up liquor defence. He said, on cross-examination, ' I received the liquors which plaintiffs sold. Part were put in the loft at father's shop, and part were pumped off.

Some was sold at retail, balance sold on plaintiffs' writ.'" He also gave, on cross-examination, an account of some conversations, above mentioned, somewhat variant from the account given in chief, and the plaintiffs contended to the jury that he materially qualified and took back that account.

There was evidence that some of the goods were subsequently sold by Pollard, in violation of law, in Boston.

Neither the plaintiffs nor said J. H. Pollard had any license or other legal authority to sell spirituous and intoxicating liquors in Massachusetts.

The judge instructed the jury that the evidence showed that the sales made by the plaintiffs were made in New York; that the burden of proof was on the defendant, upon the defence that the sales were illegal; that it was incumbent on him to show that the notes were given in settlement or on account of sales of intoxicating liquors; that they were sold for the purpose of being brought into this state by the buyer; that they were sold to Pollard for the purpose of being kept or sold by him in this state, in violation of our laws, or with a view to such illegal keeping or re-sale; that it must appear that at the sale the plaintiffs knew or had reasonable cause to believe that Pollard intended to have the liquors brought here to be sold unlawfully, and if they had such knowledge or reasonable cause of belief, and sold with a view to such re-sale, they could be said to have sold the liquors for the purpose of having them brought here and sold unlawfully; that the jury, in order to find the sale illegal, must be satisfied that the buyer did intend to sell unlawfully, and also, there being no presumption that the plaintiffs knew the laws of this commonwealth, that they knew or had reasonable cause to believe that such sale as the defendant Pollard was intending to make was prohibited by the laws of Massachusetts; that the defendant relied on the fact that the circumstances of the sale, and the additional facts that the plaintiffs made inquiries and obtained information about the buyer, and that they said they knew the notes were not collectible, as evidence tending to show that the plaintiffs had this knowledge or reasonable cause to believe; that the plaintiffs, on the other hand, wholly denied

that such inference could be drawn from the evidence, and claimed that the result of the testimony as to the plaintiffs' declarations to defendant was to leave a preponderance of proof entirely against the defendant as to said declarations; and that it was for the jury to judge according to the weight of the evidence.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*A. A. Ranney,* for the plaintiffs.

*J. Nickerson,* for the defendant.

CHAPMAN, J. If the note in suit was sent to the plaintiffs in a letter by Pollard the testator, and the letter contained a notice of the purpose for which it was sent, that notice would be part of the *res gestæ,* and admissible in evidence on that ground. The letter was admitted as competent evidence of such notice, and for no other purpose. The objection to its admission was that it appeared to be written by Pollard in answer to a letter of the plaintiffs to him, and related to other papers therein named, and the defendant did not produce, or show or offer to show the loss of the letters or papers to which it referred, nor any reply to the same. But if these papers had been produced, they could not have affected the letter as a mere notice, and on that point they were immaterial.

The defence set up against the note was that it was given for liquors sold to Pollard the testator, in violation of Gen. Sts. *c.* 86, § 61, relating to liquors sold out of the state, to be brought here and kept or sold here in violation of law " under such circumstances that the vendor would have reasonable cause to believe that the purchaser entertained such illegal purpose." The instructions given to the jury were carefully guarded, and stated fully the burden which was on the defendant to maintain his defence.

It is contended however that the evidence was not sufficient in law to authorize the jury to find for the defendant, especially on the point that the plaintiffs had reasonable cause for the belief mentioned in the statute. But it appears that they made inquiries as to Pollard's pecuniary circumstances before selling liquors to him, and those inquiries would naturally include the

kind and amount of the business in which he was engaged, and his methods of carrying it on. And when the defendant called upon one of the plaintiffs on behalf of his father, the admissions made to him were evidence, not only as to the plaintiff's knowledge, but as to how he came by it, and were sufficient to authorize the finding of the jury on this point. We think the evidence was legally sufficient to sustain the defence.

*Exceptions overruled.*